# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**Russell A. Vandersteen,**

      Plaintiff,

v.

**Bureau of Prisons Safety Director Wessberg,**
**United States of America,**
**John Doe(s),**

      Defendants.

**Civil No. 06-2251 (JRT-JJG)**

**REPORT**
**AND**
**RECOMMENDATION**

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on the defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 16). Plaintiff Russell Vandersteen is proceeding on his own behalf. The defendants are represented by Patricia R. Cangemi, Assistant United States Attorney. The dispute is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

## I.    BACKGROUND

Mr. Vandersteen (Vandersteen), a prisoner incarcerated at a federal prison in Duluth, brings two claims against the defendants. One is a constitutional tort he asserts pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Regarding this claim, Vandersteen contends that the conditions of confinement maintained by the defendants violate the Eighth Amendment. The other claim, which arises under the Federal Tort Claims Act (FTCA), is an action for negligence.

The claims arise out of an incident on the morning of December 6, 2004. According to his complaint, Vandersteen was walking across the prison grounds to his work assignment at the prison shop. The sidewalks were icy and had not been cleared. He slipped and fell, causing him to injure his knee and elbow. The injuries required reconstructive surgery and extensive physical therapy, and he continues to suffer pain, as well as a limited range of motion in his arm.

The defendants now move to dismiss, or in the alternative, for summary judgment. In part, they seek to have defendant Wessberg dismissed from this action for insufficient service of process under Rule 12(b)(5), for failure to serve him personally. They further assert, because of several legal defects, that dismissal is appropriate on the merits for failure to state a claim under Rule 12(b)(6). But the defendants also intimate that summary judgment may be appropriate.

## II.    ANALYSIS

### A.    *Bivens* Claim

Before discussing the standard of review, it is necessary to reexamine the status of the claims asserted in the complaint. Through their motion, the defendants raised a series of arguments against the *Bivens* claim. In his responsive memorandum, Vandersteen conceded this claim but did not specify which of the defendants' arguments had merit.

The parties have agreed that the *Bivens* claim is deficient, and therefore, this Court finds that dismissal of this claim is proper. Assuming for the sake of argument that this claim was considered on its merits, however, Vandersteen would not be able to prevail. Before bringing a Bivens claim, he must exhaust his administrative remedies by raising his constitutional concerns through prison grievance procedures. 42 U.S.C. § 1997e(a); *Trobaugh v. Hyatt*, 125 Fed.Appx. 755, 755 (8th Cir. 2005).

In grievances he sent to prison officials, Vandersteen only challenged the denial of workers compensation benefits, without raising concerns about his conditions of confinement. (Decl. of D. Bitz, Sept. 26, 2006 at 2, Exh. A (Req. of Feb. 28, 2005; Memo. of Mar. 10, 2005).) Thus he did not exhaust the issue underlying his *Bivens* claim and he may not assert it in this litigation.

**B.      Sufficiency of Service of Process**

No further analysis is needed for the *Bivens* claim, and therefore, the remaining concerns are limited to the claim under the FTCA. But the defendants do have one argument that is not expressly directed at either claim. They contend that Wessberg was not personally served and so he should be dismissed from this action.

In accordance with Rule 12(b)(5), a court may dismiss a claim where the plaintiff has failed to accomplish service on the defendant. This inquiry requires the court to examine the record and determine whether service was adequate. *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998).

The record shows that, by an order on July 18, 2006, this Court permitted Vandersteen to proceed in forma pauperis. As a result, the order further provided that he was entitled to have his summons and complaint served by the United States Marshals Service (USMS) and it directed him to complete its service forms. These forms do not give a plaintiff a choice between personal service and service by mail.

Vandersteen completed the forms and the USMS returned executed summons on September 8, 2006. According to the process receipts prepared by the USMS, Wessberg was served by certified mail on August 28, 2006.[1]

---

[1] Plaintiffs proceeding in forma pauperis, and prisoners in particular, often rely on the USMS to accomplish service of process. Assuming that service by mail was insufficient here, it is troubling that

Service on officers and employees of the United States is governed by Rule 4(i)(2), which provides in relevant part,

> (A)     Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

> (B)     Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States—whether or not the officer or employee is sued also in an official capacity—is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in any manner prescribed by Rule 4(e)[.]

So where a federal officer or employee is sued solely in an official capacity under Rule 4(i)(2)(A), it is sufficient for that person to be served by certified mail. By comparison, where a federal officer or employee is sued in both an official and an individual capacity under Rule 4(i)(2)(B), that person must also be served personally under Rule 4(e).

The initial question here, consequently, is whether Wessberg is sued in an official capacity or an individual capacity. There is only one existing claim against Wessberg under the FTCA, and Vandersteen has not specified in his complaint whether he is suing Wessberg in his official capacity or his individual capacity. This question, however, can be answered as a matter of law.

---

defective service by the USMS, entirely beyond the control of the plaintiff, would then be cause for dismissal. This scenario defeats the purpose of allowing indigent parties access to the courts by proceeding in forma pauperis.

The FTCA provides the sole remedy for torts committed by officers and employees of the United States in the scope of their employment. *United States v. Smith*, 499 U.S. 160, 163, 165-66 (1991); *Brown v. Armstrong*, 949 F.2d 1007, 1013 (8th Cir. 1991). Thus an action under the FTCA necessarily arises out of the official acts of a federal officer or employee, who by definition cannot be personally liable. The real party in interest, instead, is the United States. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000); *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997).

Vandersteen did not specify whether he was suing Wessberg in an official or an individual capacity. But in accordance with the FTCA, Vandersteen could only bring a claim against Wessberg in his official capacity. Thus the appropriate standard for service is supplied by Rule 4(i)(2)(A).

The parties do not contest that Vandersteen properly served the United States as provided by Rule 4(i)(1). And it was sufficient, in accordance with Rule 4(i)(2)(A), for service on Wessberg to be accomplished by certified mail. The record shows that this was done, and therefore, Wessberg need not be dismissed for insufficient service of process.

## C.      Federal Tort Claims Act

### 1.      Standard of Review

Before proceeding to arguments under the FTCA, it is necessary to establish the standard of review. The defendants have captioned their motion as one "to dismiss, alternatively for summary judgment." They cite Rule 12(b)(6), which authorizes dismissal for failure to state a claim. But they have not cited the rule for summary judgment, nor have they stated the applicable standard of review for either dismissal or summary judgment.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court is ordinarily limited to matters alleged in the pleadings. *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001). But the defendants have submitted matters outside the pleadings, and by doing so, they implicitly invite this Court to convert their motion into one for summary judgment. As the rule provides,

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus where matters outside the pleadings are submitted on a motion to dismiss for failure to state a claim, a court has no obligation to convert the motion into one for summary judgment. *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). The motion is converted to summary judgment *only if* the court does not exclude matters outside the pleadings. *Casazza v. Kiser*, 313 F.3d 414, 417-18 (8th Cir. 2002).

Fairness poses another concern. Conversion is improper unless the nonmoving party has an adequate opportunity to respond to, and a reasonable opportunity to make a record against, summary judgment. *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992).

In their current motion, the defendants did not clearly state whether they are seeking summary judgment, nor did they recite that standard of review. So Vandersteen, as a pro se litigant, may not appreciate the burden of proof needed to oppose summary judgment.

The defendants also raise several issues that look beyond the pleadings. They argue that their duty was limited to a failure to warn, rather than an affirmative duty to keep the sidewalk clear of ice. They

6

further suggest that Vandersteen has not advanced facts about his injuries, or showing how their negligence caused those injuries. All these issues arguably require careful inquiry into the facts. Yet none of the parties have presented a record that permits reasonably informed analysis on these questions. And Vandersteen has not had any reasonable opportunity to undertake discovery, which may impair his ability to defend against summary judgment.

Under these circumstances, this Court declines the defendants' evident invitation to convert their motion into one for summary judgment. All matters outside the pleadings will be excluded, and this Court will limit its consideration to whether Vandersteen has failed to state a claim under Rule 12(b)(6).

The rule provides that a defendant may move to dismiss, for failure to state a claim, where the allegations in the pleadings are so deficient that they provide no cause for relief. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). When considering this question, a court takes all reasonable inferences in favor of the nonmoving party. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

This standard is a liberal one, and as some courts have noted, it must be beyond doubt that the plaintiff has no claim for relief. *See, e.g., Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). Nonetheless, the nonmoving party must still allege "sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2006).

### 2.    Negligence

The defendants contend that Vandersteen does not adequately plead, in his claim under the FTCA, an action for negligence. Given the limited standard of review, two of their arguments merit particular discussion here. One is that the defendants had no duty to keep the sidewalk clear of ice. The other is that

Vandersteen did not suffer an injury, or if he did, it was not caused by the alleged fall.

When examining a tort claim under the FTCA, the United States is liable to the same extent as a private individual would be, under the common law of the forum state, in like circumstances. *LaFond v. United States*, 781 F.2d 153, 154 (8th Cir. 1986). Minnesota law accordingly controls the questions about negligence and premises liability that are raised here.

To bring a claim for negligence, a plaintiff must show that the defendant had a duty of due care to the plaintiff; that the defendant breached that duty; and that the breach caused the plaintiff to suffer an injury. *Lubbers v. Anderson*, 539 N.W.2d 398 (Minn. 1995). On a motion to dismiss for failure to state a claim, the plaintiff must allege facts supporting each of these elements. *Casa de Cambio Comdiv, S.A. de C.V. v. Federal Reserve Bank*, 115 F.3d 618, 620 (8th Cir. 1997).

The defendants first argue that they have no duty. Under Minnesota law, the owner of private property has a duty to exercise due care toward all lawful entrants. *Peterson v. Balach*, 199 N.W.2d 639, 647 (Minn. 1972); *accord, Gatheridge v. Strata Corp.*, 119 F.3d 710, 711-12 (8th Cir. 1997). This duty includes a duty to provide safe access to buildings on the premises. *McIlrath v. College of St. Catherine*, 399 N.W.2d 173, 174 (Minn. App. 1987).

Pursuant to this duty, a landowner has a general obligation to keep sidewalks on the premises reasonably clear of snow and ice. Following a storm, a landowner is not required to clear sidewalks until a reasonable time after precipitation has ended. *Mattson v. St. Luke's Hosp.*, 89 N.W.2d 743, 745 (Minn. 1958); *Frykman v. University of Minnesota-Duluth*, 611 N.W.2d 379, 381 (Minn. App. 2000).

There is no meaningful dispute here that the federal prison is owned and maintained by the United States, or that the sidewalk where the accident allegedly occurred was on the premises. So the United

8

States had a duty to exercise due care, which included a general obligation to keep the sidewalks reasonably clear.

A more difficult question is whether Wessberg has the same duty. He certainly cannot be characterized as the landowner. But Vandersteen does allege that Wessberg is the safety director for the Bureau of Prisons, implying Wessberg has a supervisory role in assuring the safety of walkways.

At this stage of litigation, it is reasonable to infer that Wessberg acts at the direction of the United States and so he has a role in exercising the duty of due care. The precise nature of this role need not be determined at this time. As previously noted, Wessberg faces no individual liability and the actual party in interest, for a claim under the FTCA, is the United States. So his precise role in the accident may be immaterial to whether Vandersteen has a claim.

The record on this question, however, is not complete and the parties have not meaningfully argued this issue. Rather than handling the issue at this stage of litigation, this Court deems it more prudent to keep Wessberg in this action. The defendants may, therefore, reserve their arguments in favor of dismissing Wessberg, either until the defendants move to substitute the United States in his place or they move for summary judgment.

The remaining issue raised by the defendants is whether Wessberg has adequately shown an injury caused by the breach. This argument, however, is founded on matters outside the pleadings. When review is constrained to the complaint, Vandersteen alleges that the defendants failed to keep the sidewalk clear, and so he slipped and suffered severe injuries. These allegations are sufficient to support his claim for negligence.

**C.     CONCLUSION**

The parties agree that the *Bivens* claim is deficient, and therefore, it is appropriate to dismiss this

claim.  Because service of process on Wessberg was sufficient, he need not be dismissed from this litigation

for this reason.  In his complaint, Vandersteen adequately pleaded negligence under the FTCA, so it is

inappropriate to dismiss here for failure to state a claim.  This Court accordingly concludes that the

defendants' motion to dismiss should be granted in part and denied in part.

**D.     RECOMMENDATION**

Being  duly  advised  of  all  the  files,  records,  and  proceedings  herein,  **IT  IS  HEREBY**

**RECOMMENDED THAT:**

1.     The defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No.

       16) be **GRANTED IN PART AND DENIED IN PART.**

2.     The  *Bivens*  claim in Count I of Vandersteen's complaint be **DISMISSED  WITH**

       **PREJUDICE.**

Dated this 21st day of May, 2007.                              s/Jeanne J. Graham

                                                         _____

                                                         JEANNE J. GRAHAM
                                                         United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing
and serving specific, written objections by June 11, 2007.  A party may respond to the objections within
ten days after service.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The
District Court shall make a de novo determination of those portions to which objection is made.  Failure
to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in
the United States Court of Appeals for the Eighth Circuit.