# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RUSSELL A. VANDERSTEEN,

                     Plaintiff,

v.

BUREAU OF PRISONS SAFETY
DIRECTOR WESSBERG,
UNITED STATES OF AMERICA, and
THREE JOHN DOES,

                     Defendants.

Civil No. 06-2251 (JRT/JJG)

**ORDER ADOPTING IN PART AND REJECTING IN PART RECOMMENDATION OF MAGISTRATE JUDGE**

 

Russell A. Vandersteen, # 06629-089 (209-U), Federal Prison Camp, P. O. Box 1000, Duluth, MN 55814, plaintiff *pro se*.

Patricia R. Cangemi, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

Russell A. Vandersteen, a federal prisoner, filed this lawsuit *pro se* against the United States and Bureau of Prisons officials claiming the failure to remove ice or to warn him of conditions at the prison violated the Constitution and the Federal Tort Claims Act ("FTCA"). Defendants moved for dismissal of the complaint, and United States Magistrate Judge Jeanne J. Graham issued a Report and Recommendation recommending the Court grant the motion in part and deny it in part. The defendants filed objections. For the reasons set forth below, the Court adopts in part and rejects in part the Report and Recommendation.

## BACKGROUND

Vandersteen is an inmate at the Federal Prison Camp ("FPC") in Duluth, Minnesota. On the morning of December 6, 2004, he slipped on any icy sidewalk as he was on his way to work. He suffered severe arm injuries as a result of the fall, including dislocated and broken bones as well as torn tendons and ligaments. Doctors performed surgery on the injuries, and Vandersteen's arm was immobilized for approximately six months. Following the accident Vandersteen filed complaints seeking administrative relief based on his claims that officials knew about the icy conditions and failed to "ensure safety" for inmates. Those claims were denied.

Vandersteen filed his complaint in this case on May 31, 2006. The complaint contains two claims—one against three J. Does and the Director of Safety at FPC, Charles Wessberg, and the other against the United States. Vandersteen alleges the individual defendants forced inmates to go from one building to another without providing warnings of icy conditions or taking precautions to make it safe to travel. This conduct, according to Vandersteen, amounts to deliberate indifference to the safety needs of inmates in violation of the Eighth Amendment. Based on the same conduct, Vandersteen alleges negligence against the United States in the second claim, which was brought under the FTCA.

Defendants filed a motion entitled "Federal Defendants' Motion To Dismiss, Alternatively For Summary Judgment." Defendants argued that Vandersteen failed to exhaust administrative remedies prior to filing suit, that the FTCA claim was barred by the statute of limitations, and that Wessberg was not properly served. They also claimed

the complaint did not state the claims with sufficient specificity to survive the motion to dismiss and that Vandersteen did not suffer a cognizable injury.  Attached to the motion defendants included copies of Vandersteen's administrative complaints and a declaration by a Bureau of Prisons attorney stating that those were the only complaints filed.

The Magistrate Judge issued a Report and Recommendation recommending the defendants' motion be denied in part and granted in part.   The Magistrate Judge recommended the Court dismiss the Eighth Amendment claim because Vandersteen had conceded in his memorandum that the claim was not viable.  As to the FTCA claim, the Magistrate Judge recommended that Vandersteen could proceed against Defendant Wessberg, finding that Vandersteen had pled all the elements of a claim for negligence. The Magistrate Judge declined to convert the motion to dismiss into one for summary judgment on the basis that the motion, which failed to set forth the applicable summary judgment standard, failed to give Vandersteen sufficient notice of the need to respond to a motion for summary judgment or the need to conduct discovery.  The defendants filed objections to the Report and Recommendation.

## ANALYSIS

The defendants raise three objections to the Report and Recommendation: (1) that the Magistrate Judge erred by permitting the FTCA claim to proceed against Wessberg, (2) that the motion to dismiss the FTCA claim as to all defendants should have been granted, and (3) that the Magistrate Judge erred by declining to consider the merits of a summary judgment motion.  This Court has conducted a *de novo* review of the objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.2(b).

I.      **THE FTCA CLAIM AGAINST WESSBURG**

The Magistrate Judge determined that Vandersteen could proceed on an FTCA claim against Wessberg.  Although noting "the actual party in interest, for a claim under the FTCA, is the United States," the Magistrate Judge determined that Wessberg should remain a defendant "until the defendants move to substitute the United States."  In the FTCA portion of the complaint, however, Vandersteen avers that the "United States . . . is liable for damages" and that "[t]he USA must be held to account."  The defendants maintain based on this language that the United States is already the named defendant for the FTCA claim and that Wessberg, who is not named in this portion of the complaint, should be dismissed.  The Court agrees with the position of the United States and rejects this portion of the Report and Recommendation.  Any remaining FTCA claim against Wessberg is dismissed.[1]

II.     **THE FTCA CLAIM AGAINST THE UNITED STATES**

The remaining defendant, the United States, argues that the FTCA claim should be dismissed under Federal Rule of Procedure 12(b)(6) because Vandersteen failed to state all the elements of a claim for relief and under Rule 12(b)(1) because Vandersteen failed to exhaust administrative remedies prior to filing suit.  The Court will address each argument in turn.

---

[1] Even had Wessberg been named in this portion of the complaint, the Court would grant his motion to dismiss because individuals cannot be liable under the FTCA.  *See Knowles v. United States*, 91 F.3d 1147,  1150 (8th Cir. 1996) (noting that while the government can be sued under the FTCA "[t]he employees of the United States . . . may not be sued" ).

When reviewing a motion to dismiss under Rule 12(b)(6), courts take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Knieriem v. Group Health Plan, Inc.*, 434 F.3d 1058, 1060 (8th Cir. 2006). A motion to dismiss should be granted only if it appears beyond doubt the plaintiff can prove no set of facts to warrant a grant of relief. *Id*. Where, as here, the plaintiff was not represented by counsel at the time the complaint was filed, courts are to review the complaint more liberally than if it were a counseled pleading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The FTCA permits private parties to bring suits against the United States for torts committed by government employees while acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The United States is liable "in the same manner and to the same extent as are private individuals under like circumstances," and the law of the state in which the tortious conduct is alleged to have occurred governs the dispute. *Lafond v. United States*, 781 F.2d 153, 154 (8th Cir. 1986).

Vandersteen states in his complaint that his injuries were caused by the negligence of FPC employees in Duluth. In the State of Minnesota there are four elements to a negligence claim: (1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of duty was the proximate cause of the injury. *See Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995). In relation to disputes over the safety of property conditions, Minnesota courts have found property owners have a duty to provide "safe access" to buildings, *Strong v. Richfield State Agency, Inc.*, 460 N.W.2d 106, 108 (Minn. Ct. App. 1990), and breach that duty when they fail to exercise "reasonable care under the existing circumstances." *See Adee v. Evanson*, 281 N.W.2d 177, 179 (Minn.

- 5 -

1979).  Minnesota courts also recognize, however, that property owners are afforded  "a

reasonable time" following a storm to make the premises safe.  *Nieman v. Northwestern*

*College*, 389 N.W.2d 260, 262 (Minn. Ct. App. 1986).

Vandersteen alleges FPC staff had a duty to remedy "unsafe conditions" and

breached that duty by failing to warn inmates about the slippery conditions and by not

salting the paths before the inmates went outside.  The failure to do either of these things,

Vandersteen complains, resulted in the severe injuries to his arm.  These allegations set

forth (1) a duty to maintain safe conditions, (2) a breach of that duty by the failure of

officials to exercise reasonable care, (3) an injury to Vandersteen's arm, and (4) a causal

link between the breach and the resultant injury.  The Court concludes as a result that

these allegations, especially as set forth in a *pro se* pleading, are sufficient to state a claim

for negligence in the State of Minnesota,  *see Lubbers*, 539 N.W.2d at 401, and are

therefore sufficient to state a claim under the FTCA.  *See Lafond*, 781 F.2d at 154.  The

motion to dismiss the complaint on this basis is denied.

The United States next maintains that Vandersteen failed to exhaust administrative

remedies on one of the theories of liability asserted in the complaint.  According to the

government, Vandersteen is seeking relief based on two arguments: (1) that employees

were negligent because they failed to warn him about the icy conditions and (2) that

employees were negligent because they failed to make the sidewalk safe before inmates

were allowed to walk on it.  It concedes Vandersteen sought administrative relief on the

failure to warn claim but argues he did not seek administrative relief on the claim that

employees should have removed the ice or snow.  The failure to exhaust is jurisdictional,

the government contends, and the Court must dismiss Vandersteen's claim that the government is liable for failing to salt the ice or otherwise make it safer for travel for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Congress requires that a plaintiff seeking to proceed against the government under the FTCA must first file an administrative claim. *See* 28 U.S.C. § 2675(a); *Farmers State Sav. Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir. 1989). If a complainant fails to meet that requirement, the claim is subject to dismissal for lack of jurisdiction. *See, e.g.*, *Norman v United States*, 467 F.3d 773, 775 (D.C. Cir. 2006). A plaintiff fulfills the requirement that administrative remedies be exhausted by providing to the government in writing sufficient information for the agency to investigate the claim, including details of the amount of damages sought, the identity of the claimant, and the nature of the injuries. *See Farmers State Sav. Bank*, 866 F.2d at 277; *Melo v. United States*, 505 F.2d 1026, 1029 (8th Cir. 1974).

Vandersteen filed an administrative claim under the FTCA to recover damages based on the government's failure to "ensure safety" on August 15, 2005. The claim states that the December 6, 2004 "work call was issued negligently without regard to the build-up of ice overnight due to freezing rain" and that FPC staff members were aware of the hazardous conditions. Vandersteen sought damages in the amount of $150,000, the same amount sought in this action, to compensate him for his dislocated elbow, broken arm bone, and torn ligaments.

The administrative claim put the government on notice of Vandersteen's claim that it failed to "ensure safety" for workers. According to Minnesota law, the duty

required of a landowner is to use "reasonable care" for the safety of all persons on the premises. *See Olmanson v. LeSueur County*, 693 N.W.2d 876, 880 (Minn. 2005). Vandersteen's administrative claim that the government failed to ensure the safety of workers and his negligence claim in these proceedings are no different. The government asserts that the administrative claim only alleges a failure to warn. Even if Vandersteen intimated in the claim that a way it could have ensured the safety of workers was to warn them about the icy conditions, however, that specific language does not negate his general notice that the failure to exercise reasonable care by not ensuring the safety of workers in regard to the icy conditions on December 6 caused an injury to his arm. The administrative claim, therefore, was sufficient to put the government on notice of all the claims asserted in this action.

Based on the facts as alleged in the complaint and the laws of the State of Minnesota applied to this case, the Court finds that the complaint sets forth all the elements of a claim for negligence and that Vandersteen exhausted all administrative remedies prior to filing suit. The motion to dismiss is denied.

## III. THE MOTION TO DISMISS

Even if the motion to dismiss is denied, the government maintains judgment in its favor is still appropriate. It argues the Magistrate Judge erred by declining to rule on the merits of its summary judgment motion and that the facts of this case warrant summary judgment in its favor because it breached neither a duty to warn nor a duty to remove snow or ice.

The motion filed by the government is entitled, "Motion to Dismiss, Alternatively for Summary Judgment."  In the supporting memorandum the government repeatedly asks that the Court dismiss the complaint but only asks on one occasion that summary judgment be granted in its favor and nowhere in the memorandum does the government cite the standard of review for a summary judgment motion.  That Court finds under these circumstances, especially considering that plaintiff is not represented by counsel, the motion is best treated as one for dismissal under Rule 12.  That rule permits a court to convert a motion to dismiss into a summary judgment motion where "matters outside the pleadings are presented to and not excluded by the court," but that determination is discretionary and should not be made unless the nonmoving party has notice and an opportunity to respond to the summary judgment motion.  *See, e.g.*, *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992).  Since Vandersteen has had no such notice in this case, the Court will treat this motion only as one to dismiss.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **SUSTAINS** defendants' objection as it relates to defendant Wessberg and **OVERRULES** defendants' objections in all other respects [Docket No. 26].  Therefore, the Court **ADOPTS in part** and **REJECTS in part** the Report and Recommendation [Docket No. 24].  **IT IS HEREBY ORDERED** that:

1.     Defendants' motion to dismiss the claims against Defendant Wessberg and J. Does (1-3) [Docket No. 16] is **GRANTED**.  Defendant Wessberg and J. Does (1-3) are **DISMISSED** from this case.

2.      Defendants' motion to dismiss the claim brought under the FTCA against the United States [Docket No. 16] is **DENIED**.


DATED:  August 31, 2007                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                    United States District Judge